**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Rita Darlene BROWN,
Defendant-Appellant.**

**No. 78–2974.**

United States Court of Appeals,
Ninth Circuit.

Aug. 22, 1979.

David S. Teske (argued), Portland, Or., for defendant-appellant.

Ron H. Hoevet (argued), Portland, Or., for plaintiff-appellee.

Before HUFSTEDLER and CHOY, Circuit Judges, and WOLLENBERG,* District Judge.

HUFSTEDLER, Circuit Judge:

Brown appeals from an order denying her motion to correct her sentence under Rule 35 of the Federal Rules of Criminal Procedure. Pursuant to a plea bargain, Brown pleaded guilty to one count of bank robbery, charging violation of 18 U.S.C. § 2113(a), and one firearm count, charging violation of 18 U.S.C. § 924(c). She was sentenced to 20 years' imprisonment on the bank robbery charge and to an additional five years on the firearm charge, the sentences to run consecutively. She argues that *Simpson v. United States,* 435 U.S. 6, 98 S.Ct. 909, 55 L.Ed.2d 70 (1978) prohibits sentencing her under both section 2113(a) and section 924(c). We disagree.

The issue in *Simpson* was "whether §§ 2113(d) and 924(c) should be construed as intended by Congress to authorize, in the case of a bank robbery committed with firearms, not only the imposition of the increased penalty under § 2113(d), but also the imposition of an additional consecutive penalty under § 924(c)." (435 U.S. at 8, 98 S.Ct. at 910–11.) The *Simpson* Court answered the question negatively because identical proof was required to support a conviction under section 2113(d) and section 924(c). To prove a violation of section 2113(d), the Government had to establish that the defendant used "a dangerous weapon or device" to rob the bank. To prove a violation of section 924(c), the

---

* Honorable Albert C. Wollenberg, Senior United States District Judge, Northern District of California, sitting by designation.

Government had to establish that the defendant used or carried a firearm to rob the bank (the substantive offense from section 2113(d)).

The *Simpson* situation does not exist in our case because a person can be convicted for violating section 2113(a) without using or carrying any dangerous weapon, firearm, or device. Thus, a person can violate section 2113(a) without at the same time violating either section 2113(d) or section 924(c).[1] However, a person cannot violate both section 2113(a) and section 924(c) without at the same time violating section 2113(d). The real issue is, therefore, whether Congress intended to permit prosecutors to obtain potentially higher penalties in armed bank robbery cases by charging a violation of section 2113(a) plus section 924(c), rather than accepting the lesser potential penalties involved in charging a violation of section 2113(d) alone, or, as in *Simpson,* in combination with section 924(c).

We can find nothing either in the legislative history of section 924(c) or in the *Simpson* case that suggests any congressional intent to prevent the choice that the prosecutor made in Brown's case. We must look elsewhere. The place to begin is the *Blockburger* test: "The established test for determining whether two offenses are sufficiently distinguishable to permit the imposition of cumulative punishment was stated in *Blockburger v. United States,* (1932) 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306: " 'The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether these are two offenses or only one, is whether each provision requires proof of a fact which the other does not . . . .'

. . . 'If each requires proof of a fact that the other does not, the *Blockburger* test is satisfied, notwithstanding a substantial overlap in the proof offered to establish the crimes . . . .' *Iannelli v. United States,* 420 U.S. 770, 785 n. 17, 95 S.Ct. 1284, 43 L.Ed.2d 616 (1975)." (*Brown v. Ohio* (1977) 432 U.S. 161, 166, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187.)

Sections 2113(a), 2113(d), and section 924(c) are three distinct statutory provisions. *Simpson* tells us that a combination of section 2113(d) and section 924(c) is effectively one offense because identical proof is required to convict a bank robber under section 2113(d) alone, or section 2113(d) plus section 924(c). *Simpson* tells us

1. Title 18 U.S.C. §§ 2113(a) and (d) provide: "(a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; or

"Whoever enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank or such savings and loan association and in violation of any statute of the United States, or any larceny—

"Shall be fined not more than $5,000 or imprisoned not more than twenty years, or both.

.    .    .    .    .

"(d) Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined not more than $10,000 or imprisoned not more than twenty-five years, or both."

Title 18 U.S.C. § 924(c) provides:

"(c) Whoever—

"(1) uses a firearm to commit any felony for which he may be prosecuted in a court of the United States, or

"(2) carries a firearm unlawfully during the commission of any felony for which he may be prosecuted in a court of the United States, "shall, in addition to the punishment provided for the commission of such felony, be sentenced to a term of imprisonment for not less than one year nor more than ten years. In the case of his second or subsequent conviction under this subsection, such person shall be sentenced to a term of imprisonment for not less than two nor more than twenty-five years and, notwithstanding any other provision of law, the court shall not suspend the sentence in the case of a second or subsequent conviction of such person or give him a probationary sentence, nor shall the term of imprisonment imposed under this subsection run concurrently with any term of imprisonment imposed for the commission of such felony."

nothing about combining section 2113(a) with section 924(c), because the same proof is not required under both sections. *Blockburger* does not help because that case does not consider the question whether the prosecutor can combine two different statutes even though the combination would require proof identical to a third statutory provision.

 Our issue is resolved by *United States v. Batchelder* (1979) —— U.S. ——, 99 S.Ct. 2198, 60 L.Ed.2d 755. In that case, the Court was concerned with two overlapping provisions in the same statute, both of which prohibited convicted felons from receiving firearms, but each of which authorized different maximum penalties. The question was whether a defendant convicted of the offense carrying the greater penalty could be sentenced only under the more lenient provision when his conduct violated both. The Court held that it was within the prosecutor's discretion to elect to prosecute under the statute that carried the harsher penalty. Authority to choose the statute under which the prosecution will proceed carries with it the authority to choose the potential penalty for the offense. "This Court has long recognized that when an act violates more than one criminal statute, the Government may prosecute either so long as it does not discriminate against any class of defendants." (*Id.* at ——, 99 S.Ct. at 2204.)

Accordingly, Brown's prosecutor was free to select the combination of section 2113(a) and section 924(c), which results in a potential maximum penalty substantially in excess of the penalty that could be exacted under section 2113(d), even though the same proof would also be re-

quired if the prosecutor had charged under the more lenient provisions of section 2113(d).[2]

AFFIRMED.

**2.** Although the Government can charge under both 18 U.S.C. § 2113(d) and § 924(c), *Simpson* holds that the defendant can be sentenced only under § 2113(d), for which imprisonment cannot exceed 25 years.

On the other hand, if the Government has both charged and convicted a defendant under 18 U.S.C. § 2113(a) and § 924(c), the defendant can be sentenced under both provisions. The maximum imprisonment to which a defendant can be sentenced under § 2113(a) is 20 years. Under § 924(c), the maximum imprisonment to

which the defendant can be sentenced for a first offense is 10 years, which cannot run concurrently with the term of imprisonment imposed under § 2113(a). The penalties are even more severe if the defendant has had a prior conviction under § 924(c).

In short, conviction under both § 2113(d) and § 924(c) can result in no more than 25 years of imprisonment. Conviction under both § 2113(a) and § 924(c) can result in 30 years' imprisonment for a first offense.