**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Victor P. DIOGENES, Defendant-Appellant.**

**No. 79–1807.**

United States Court of Appeals, Ninth Circuit.

Submitted July 3, 1980.

Decided Aug. 7, 1980.

Sneed, Circuit Judge, concurred in reversal and dissented from disposition and filed opinion.

---

Stuart I. Teicher, Federal Public Defender, Portland, Or., for defendant-appellant.

William Youngman, Asst. U.S. Atty., Portland, Or., for plaintiff-appellee.

Before SNEED and NELSON, Circuit Judges, and GRAY *, District Judge.

WILLIAM P. GRAY, District Judge:

Appellant pleaded guilty to one count of unarmed bank robbery, 18 U.S.C. § 2113(a), and one count of use of a firearm during the commission of a felony, 18 U.S.C. § 924(c). In keeping with the decision of this court in *United States v. Brown*, 602 F.2d 909 (9th Cir. 1979), appellant was sentenced to consecutive terms of imprisonment (20 years for unarmed bank robbery and 5 years for use of a firearm) by the district court.

Appellant appealed the judgment of conviction on the ground that the *Brown* decision was contrary to the intent of Congress which he interpreted as not authorizing multiple sentences for a single bank robbery. Prior to the date on which oral argument in the appeal was heard, the Supreme Court decided *Busic v. United States*, —— U.S. ——, 100 S.Ct. 1747, 64 L.Ed.2d 381 (1980), which held that 18 U.S.C. § 924(c) may not be applied to a defendant who uses a firearm in the course of a felony that is

---

* Honorable William P. Gray, United States District Judge for the Central District of California, sitting by designation.

proscribed by a statute which itself authorizes enhancement if a dangerous weapon is used. That is the situation in this case. Accordingly, the sentence imposed by the trial court is vacated and the matter remanded for resentencing.

SNEED, Circuit Judge, concurring in the reversal and dissenting from the disposition.

Appellant seeks to reverse the judgment of conviction under both counts. Inasmuch as *Busic* renders the coexistence of convictions under 18 U.S.C. § 2113(a) and 18 U.S.C. § 924(c) improper, the entire judgment of conviction should be set aside. Resentencing under section 2113(a) only, which is the only alternative the majority disposition permits, ignores the appellant's use of a firearm during the robbery.

Perhaps the majority is concerned that double jeopardy will prevent the reprosecution of the appellant. This should not be determinative. Whatever prospects appellant has of using the shield of double jeopardy should not be taken from him by the technique employed by the majority. It is also possible that the majority believes that under the circumstances the appellant should be shielded from prosecution under 18 U.S.C. § 2113(d) and that resentencing under 18 U.S.C. § 2113(a) neatly accomplishes this. That it does so cannot be denied. My difficulty is that whether he *should* be reprosecuted under 18 U.S.C. § 2113(d) is a prosecutorial decision and whether he *can* be so prosecuted is an issue not presently before us. Unable legitimately to address the latter issue within the confines of this case, the majority appears to have assumed prosecutorial authority. I would not do so.

Therefore, I would reverse the appellant's conviction under both counts and await further proceedings by the prosecutor and the district court.