**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Victor P. DIOGENES,
Defendant–Appellant.**

**No. 79–1807.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 3, 1980.

Feb. 2, 1981.

Stuart I. Teicher, Portland, Or., for defendant–appellant.

William M. Youngman, Asst. U. S. Atty., Portland, Or., for plaintiff–appellee.

Before SNEED and NELSON, Circuit Judges, and GRAY *, District Judge.

NELSON, Circuit Judge:

The opinion of August 7, 1980, is hereby withdrawn and the following is substituted.

Appellant pleaded guilty to one count of bank robbery by force, violence, and intimidation, 18 U.S.C. § 2113(a) (1976), and to one count of carrying a firearm during the commission of a felony, 18 U.S.C. § 924(c)(2) (1976). Section 2113 deals specifically with the felony of bank robbery, while section 924(c) provides for enhanced sentencing for use of, or carrying, a firearm during the commission of any felony. In keeping with the decision of this court in *United States v. Brown*, 602 F.2d 909 (9th Cir. 1979), the district court imposed consecutive sentences of twenty years for bank robbery and five years for carrying a firearm.

Appellant appealed the judgment of conviction on the ground that the *Brown* decision was contrary to the intent of Congress, which he interpreted as not authorizing multiple sentences for a single bank robbery. Prior to the date on which oral argument was heard, the Supreme Court decided *Busic v. United States*, 446 U.S. 398, 100 S.Ct. 1747, 64 L.Ed.2d 381 (1980), which held that 18 U.S.C. § 924(c) may not be applied to a defendant who uses a firearm in the course of a felony that is proscribed by a statute which itself authorizes enhancement if a dangerous weapon is used. For several reasons, we feel that the rationale of *Busic* controls the situation presented by this case as well, in which appellant pleaded guilty to carrying, rather than using, a firearm.

■ We conclude that with the enactment of section 2113 Congress covered the field with respect to the permissible penalties for bank robbery; thus, enhancement under section 924(c) of appellant's sentence for bank robbery is inappropriate. The legislature has comprehensively addressed the felony of bank robbery with section 2113 by dealing separately with robberies involving differing degrees of force and intimidation and providing penalties ranging from ten years to twenty–five years imprisonment, depending on the increased seriousness of the violation.[1] Thus, the legislature evalu-

---

* Honorable William P. Gray, United States District Judge for the Central District of California, sitting by designation.

1. 18 U.S.C. § 2113. Bank Robbery and incidental crimes

(a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; or

Whoever enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank or such savings and loan association and in violation of any statute of the United States, or any larceny–

Shall be fined not more than $5,000 or imprisoned not more than twenty years, or both.

(b) Whoever takes and carries away, with intent to steal or purloin, any property or money or any other thing of value exceeding $100 belonging to, or in the care, custody, control, management, or possession of any bank, credit union, or any savings and loan association, shall be fined not more than $5,000 or imprisoned not more than ten years, or both; or

Whoever takes and carries away, with intent to steal or purloin, any property or money or any other thing of value not exceeding $100 belonging to, or in the care, custody, control, management, or possession of any bank, credit union, or any savings and loan association, shall be fined not more than $1,000 or imprisoned not more than one year, or both.

(c) Whoever receives, possesses, conceals, stores, barters, sells, or disposes of any property or money or other thing of value knowing the same to have been taken from a bank, credit union, or a savings and loan association, *in violation of subsection (b) of this section* shall be subject to the punishment provided by said subsection (b) for the taker.

(d) Whoever, in committing, or in attempting to commit, any offense defined in subsection (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be

ated bank robberies of varying violence and provided for distinct penalties for each category. There are two categories relevant to the case before us: section 2113(a), to which appellant pleaded guilty, which prohibits bank robbery "by force and violence, or by intimidation" and provides for a penalty of a $5000 fine, twenty years imprisonment, or both; and section 2113(d), the enhancement provision within the statute, which provides for a penalty of a $10,000 fine, twenty–five years imprisonment, or both for "use of a dangerous weapon or device" during the commission of the felony.

We invoke the doctrine of negative implication, which states "that the legislature by its language has preempted the field to the exclusion of the court," R. Dickerson, *The Interpretation and Application of Statutes*, (1975), in determining that this court may not broaden the reach of enhanced sentencing for bank robbery beyond that which is provided for by section 2113(d). Congress expressed the enhancement provision in such a manner that it applies solely to cases involving "the use of a dangerous weapon or device"; the legislature has therefore indicated its desire not to have it apply to a defendant who merely carries a weapon. We cannot affirm an enhanced sentence for the felony of bank robbery unless the defendant comes squarely within the terms of section 2113(d) by using a weapon during the crime. Section 924(c)(2) allows enhanced sentencing when a defendant carries a firearm during the commission of a felony; although this provision is appropriate in conjunction with

felony statutes other than section 2113, its effect with respect to the bank robbery statute is to expand impermissibly the scope of violations appropriate for enhanced sentencing beyond that determined by Congress to be proper for that particular felony.

Our determination that section 924(c) provides an inappropriate vehicle by which a court may enhance the sentence of a defendant convicted under section 2113 is supported by the legislative history of the general enhancement statute. Representative Poff, the sponsor of section 924(c), discussed the relationship among that statute and certain other statutes already in effect:

> For the sake of legislative history, it should be noted that my substitute is not intended to apply to title 18, sections 111, 112, or 113 which already define the penalties for the use of a firearm in assaulting officials, *with sections 2113 or 2114 concerning armed robberies of the mail or banks*, with section 2231 concerning armed assaults upon process servers or with chapter 44 which defines other firearm felonies.

114 Cong.Rec. 22232 (1968) (emphasis added).

It is apparent from Representative Poff's statement that Congress understood and intended that section 2113 be the sole source of enhanced sentences for violations of that statute. We thus agree that "[t]his statement is clearly probative of a legislative judgment that the purpose of § 924(c) is already served whenever the substantive federal offense provides enhanced punish-

---

fined not more than $10,000 or imprisoned not more than twenty–five years, or both.

(e) Whoever, in committing any offense defined in this section, or in avoiding or attempting to avoid apprehension for the commission of such offense, or in freeing himself or attempting to free himself from arrest or confinement for such offense, kills any person, or forces any person to accompany him without the consent of such person, shall be imprisoned not less than ten years, or punished by death if the verdict of the jury shall so direct.

(f) As used in this section the term "bank" means any member bank of the Federal Reserve System, and any bank, banking association, trust company, savings bank, or any other

banking institution organized or operating under the laws of the United States, and any bank the deposits of which are insured by the Federal Deposit Insurance Corporation.

(g) As used in this section the term "savings and loan association" means any Federal savings and loan association and any "insured institution" as defined in section 401 of the National Housing Act, as amended, and any "Federal credit union" as defined in section 2 of the Federal Credit Union Act.

(h) As used in this section the term "credit union" means any Federal credit union and any State–chartered credit union the accounts of which are insured by the Administrator of the National Credit Union Administration.

ment for use of a dangerous weapon." *Simpson v. United States*, 435 U.S. 6, 13, 98 S.Ct. 909, 913, 55 L.Ed.2d 70 (1978). Although both *Busic* and *Simpson* have limited their discussion of the impact of this legislative history to the relationship between section 2113(d) and section 924(c)(1), we feel that Representative Poff's broad statement disapproves of any use of section 924(c) in conjunction with section 2113.

Another important factor in our decision is that if we were to find that enhanced sentencing under section 924(c)(2) is permissible when a bank robber carries a weapon during the commission of the felony and is therefore not subject to section 2113(d), we would be imputing to Congress the unlikely intention to punish more severely those who merely carry a weapon rather than use one. This results because the maximum possible sentence under section 2113(d) is twenty-five years, while the maximum possible sentence under sections 2113(a) and 924(c)(2) is thirty years for first offenders. We follow a previous decision of this court by "look[ing] beyond the express language" of section 924(c) "where a literal interpretation would thwart the purpose of the overall statutory scheme or lead to an absurd result." *International T. & T. Corp. v. General T. & E. Corp.*, 518 F.2d 913, 917–918 (9th Cir. 1974). Although by its express terms section 924(c)(2) can be applied to appellant's case, we decline to approve of its use in conjunction with section 2113(a). If we were to do so, we would be construing the two statutes so as to reach the absurd consequence of encouraging the use of dangerous weapons; if enhanced sentencing under section 924(c)(2) for carrying a firearm during a bank robbery were permitted in connection with section 2113, it would be possible for a bank robber to receive a lesser sentence when he uses a weapon during the commission of the felony than when he merely carries one.

█ For the above reasons, we find that the district court's imposition of a five year sentence under section 924(c), in addition to the twenty year sentence under section 2113(a), is unlawful. We agree with the Fifth Circuit that, in order to correct illegal sentences, "the proper procedure is not to vacate the *convictions*, but only the *sentences.*" *Johnson v. United States*, 619 F.2d 366, 369 n.9 (5th Cir. 1980). *See United States v. Edick*, 603 F.2d 772, 776 (9th Cir. 1979); *United States v. Corson*, 449 F.2d 544, 551 (3rd Cir. 1971). *See, e. g., United States v. Shillingford*, 586 F.2d 373, 376 (5th Cir. 1978). We thus remand this case to the district court to vacate the erroneous sentence and to resentence appellant consistent with this opinion.

SNEED, Circuit Judge, concurring:

I concur in the opinion of the court. An explanation of my previous dissent from the disposition of this case is appropriate, however.

Previously I suggested that appellant's conviction be reversed and that the prosecutor should determine whether reprosecution was appropriate. This was based on the assumption that reprosecution under 18 U.S.C. § 2113(d) was possible which, in turn, rested on the assumption that the appellant *used* a firearm during the commission of the robbery. It now appears that the indictment charged the appellant with *carrying* a firearm only. Enhancement under 18 U.S.C. § 2113(d), therefore, is not available.

That being the case, and resort to 18 U.S.C. § 924(c)(2) not being available, pursuant to the court's opinion with which I concur, it follows that there is no reason to object to remanding this case merely for the purpose of correcting the sentence. I therefore concur in the disposition of the case as well.