**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Howard Lee WILKS, Defendant–Appellant.**

No. 78–2061.

United States Court of Appeals, Tenth Circuit.

Argued Jan. 22, 1980.

Decided Sept. 10, 1980.

Michael F. Willcott, Leavenworth, Kan., for defendant–appellant.

Robert S. Streepy, Asst. U. S. Atty. (James P. Buchele, U. S. Atty., and Roger M. Theis, Asst. U. S. Atty., Topeka, Kan., on the brief), for plaintiff–appellee.

Before SETH, Chief Judge, and LOGAN and SEYMOUR, Circuit Judges.

LOGAN, Circuit Judge.

Howard Lee Wilks appeals from convictions by a jury on a charge of possession of heroin with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and a charge of forcibly resisting and impeding a federal officer in violation of 18 U.S.C. § 111.

Wilks contends that the district court committed reversible error when it (1) accepted the grand jury's superseding indictment; (2) allowed the prosecution to amend its bill of particulars; (3) failed to grant a continuance for defendant to prepare for the additional counts or to present the testimony of a psychologist; (4) refused to dismiss the case as outside the time limits set by the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*; (5) admitted testimony of a witness defendant claims was an undisclosed informant; and (6) denied defendant's motion to dismiss based on the government's loss of an item of evidence. Wilks also challenges the sufficiency of the evidence to support the guilty verdicts.

The evidence, viewed most favorably to the government, showed the following. While conducting a search of inmates' cells for contraband on the morning of May 15, 1978, three officers of the United States Penitentiary at Leavenworth discovered more than 80 packets of heroin in a lemonade can in Wilks' cell. Shortly after the officers began the shakedown search and before they discovered the heroin, Wilks returned from his duties, commented to the officers that there was no reason to search his cell and stood outside the cell near the doorway watching the search. Rules of the penitentiary prohibit inmates from being inside a cell during a search. Wilks' one–man cell contained a metal locker positioned horizontally on four identical Country Time Lemonade cans. One of the officers conducting the search, Schultz, found many small packets wrapped in red paper and tape, lying loose on the bottom of one of these cans. As Schultz commented to another officer that he had found something, Wilks rushed into the cell and attempted to grab the can from him. In attempting to take the can, Wilks came into physical contact with Officer Schultz. The officers also testified that as they were escorting Wilks to the captain's office he again tried to seize

the can which was then carried by Schultz in a pillowcase containing contraband.

On June 21, 1978, Wilks was indicted on two counts, first for possession of heroin with intent to distribute and second for forcibly resisting Officer Meredith. Thereafter, the court granted Wilks' motion for a bill of particulars by the prosecution describing the events surrounding each of the two counts of the indictment. On October 17, 1978, a grand jury filed a superseding indictment that retained both counts of the original indictment unchanged but added two counts alleging forcible resistance and interference with each of the other two officers at the cell during the shakedown search. Defendant's counsel received the superseding indictment and an amended bill of particulars the morning of October 20, 1978, the Friday before the trial was to commence on Monday.

## I

■ Wilks first contends that the trial court erred by accepting the grand jury's superseding indictment; he argues the government is not entitled to use a superseding indictment unless there is a defect in the original indictment or additional evidence makes a second indictment necessary. We do not agree. Absent prejudice to the defendant, a superseding indictment may be filed at any time before trial. *United States v. Herbst*, 565 F.2d 638, 643 (10th Cir. 1977). We agree with the trial court that no prejudice inured to defendant in this case since the superseding indictment presented no factual questions that should not have been answered by defendant's investigation of the original indictment.

## II

On defendant's motion, the court ordered a bill of particulars setting forth the events surrounding the original indictment in this case. The prosecution filed this bill of particulars on August 14, 1978, and amended its bill sua sponte on October 19, 1978, two days after the superseding indictment was filed. Wilks contends that allowing the prosecution to amend its bill of particulars

these few days prior to trial is "patently unfair," and points out that the purpose of the bill of particulars is to apprise defendant of the particular allegations against him to enable preparation of a defense.

■ Fed.R.Crim.P. 7(f) provides that "[a] bill of particulars may be amended at any time subject to such conditions as justice requires." If the change in the indictment was proper, as we have found it to be, we fail to see how the prosecution's actions of immediately apprising defendant of the particulars concerning the new charges can prejudice the defendant.

## III

Wilks raises as error the court's failure to grant continuances (1) to prepare a defense on the additional counts of the superseding indictment and (2) to obtain the testimony of an expert not available on the trial date.

■ With regard to the superseding indictment, Wilks states that although the grant or denial of a continuance is within the discretion of the trial court, he has found no case allowing a court "to require a criminal defendant to proceed to trial . . . on an indictment filed only three days prior to the arraignment and trial date." The record reveals that the trial court did not require defendant to proceed, however. The government stated it would not oppose a continuance for preparation to defend against the two additional counts. Wilks made a strategic choice to seek a dismissal of the case under the Speedy Trial Act rather than seek a continuance. Certainly there is nothing to require the court to grant a continuance when none is sought by a party. The necessity of choosing between holding the government to the exact time limits of the Speedy Trial Act and requesting time to prepare a defense does not, on the facts of this case, create the sort of trade–off of constitutional rights denounced by *Simmons v. United States*, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968).

Wilks' decision not to move for a continuance took place in the judge's chambers on

the first day scheduled for trial, October 23, 1978. Later that day a jury was impaneled. The next morning defendant sought a continuance because Dr. Robert Schulman, a psychologist who had examined the defendant in preparation for trial, was out of town. Wilks contends the court abused its discretion in denying this motion for a continuance.

The decision whether to grant a continuance is a matter for the sound discretion of the trial court and will not be disturbed absent a showing of abuse resulting in manifest injustice. *United States v. Olivas*, 558 F.2d 1366, 1368 (10th Cir.), *cert. denied*, 434 U.S. 866, 98 S.Ct. 203, 54 L.Ed.2d 142 (1977). We have held that a trial court did not abuse its discretion by refusing to delay a trial so that a defendant might obtain a witness when the defendant failed to subpoena the witness. *E. g., United States v. Redmond*, 546 F.2d 1386, 1389 (10th Cir. 1977), *cert. denied*, 435 U.S. 995, 98 S.Ct. 1645, 56 L.Ed.2d 83 (1978); *United States v. Spoonhunter*, 476 F.2d 1050, 1055–56 (10th Cir. 1973); *Thompson v. United States*, 381 F.2d 664, 666 (10th Cir. 1967). In this case defendant knew the trial date three weeks in advance, but failed to inform the expert witness and did not move for a continuance until the jury had been impaneled and its members had reported for the first day of trial. Moreover, at the time of the court's ruling, the defendant could have subpoenaed the witness but refused to do so. There is no indication of injustice in this case resulting from the failure to obtain the testimony by the psychologist. The trial court examined a written report by the doctor and pointed out that the report merely indicated the defendant lost his temper at times. Clearly this testimony would be insufficient to establish a legal excuse to the offense of interfering with a federal officer. Under the circumstances presented here, we find no abuse of discretion in the court's denial of defendant's motion for a continuance.

## IV

Wilks argues there was a violation of the Speedy Trial Act requirement that trial commence within 120 days from a defendant's indictment, 18 U.S.C. § 3161(c), (g). The trial was begun on the 118th day of the 120–day time period. Wilks argues that because of the superseding indictment adequate preparation for trial would require more than two days additional time. Thus, the argument runs, he could not properly have been tried within the 120–day limit and the case should have been dismissed for that reason. This argument assumes that to commence the trial on the superseding indictment as the trial court did was an abuse of discretion. Our rejection of that contention above operates as a rejection of this argument as well. Furthermore, the time periods of the Speedy Trial Act were advisory rather than mandatory as applied to the trial date in this case. *United States v. Stoddart*, 574 F.2d 1050, 1054 (10th Cir. 1978).

Wilks' argument that the superseding indictment violated § 3161(b) of the Speedy Trial Act is equally unpersuasive. At the time of Wilks' arrest, this subsection of the Act, as modified by subsection (f), set the time limit between arrest and indictment at 45 days. There is nothing in either the statute or the cases construing it to suggest that a superseding indictment must be filed within the 45–day period allowed for the original indictment. Such an interpretation is inconsistent with our holding in *United States v. Herbst*, 565 F.2d 638 (10th Cir. 1977). *See also* 18 U.S.C. §§ 3288 and 3289 (allowing reindictment within six months of dismissal of a defective indictment).

## V

At trial Raymond Frazier, an inmate witness for the government, testified that Wilks had sold narcotics to him at least three times in Leavenworth. Defendant contends Frazier was an informant, and that since the government had stipulated at the omnibus hearing that no informant would be used at trial, admission of Frazier's testimony was error.

We have held that an informer is one who is either in complicity with the government or who provides information for a reward of some sort.

The voluntary submission of information or report of a crime to a government agency does not, without more, make an individual an informer, in the absence of some connection between the individual and the government agency. To be an informer the individual supplying the information generally is either paid for his services or, having been a participant in the unlawful transaction, is granted immunity in exchange for his testimony.

*United States v. Miller*, 499 F.2d 736, 742 (10th Cir. 1974). That a witness may hope to gain an advantage by testifying is insufficient to establish the witness is an informant. *Id.*

Frazier was not employed by the government nor has the defendant shown that witness was rewarded for his testimony. The fact that Frazier may be transferred to another penitentiary is not sufficient to classify him as an informant when no showing has been made the transfer is a reward for testimony. The trial court acted properly in allowing the testimony of this witness.

## VI

Wilks next contends that the trial court abused its discretion in refusing to dismiss the case because an item of evidence was lost by the government. The lemonade can containing the narcotics was confiscated by the federal officers at the penitentiary at the time of Wilks' arrest. In response to a discovery motion, the court ordered this can and its contents be made available for inspection by defendant's representatives. The lemonade can could not be produced because it had been lost, apparently by the FBI office which had received it and its contents for analysis. Wilks argues loss of the can resulted in extreme prejudice to him, asserting that it is "the one piece of evidence that could have shown that the defendant was innocent of the charges."

There was no allegation of bad faith or intentional withholding or destruction on the part of the government. Therefore we consider only the materiality of the evidence and prejudice to the defendant. *See United States v. Picariello*, 568 F.2d 222, 227 (1st Cir. 1978); *United States v. Heiden*, 508 F.2d 898, 902–03 (9th Cir. 1974). We think the test to be applied in such circumstances is whether defendant demonstrates that the evidence is so material that he could not receive a fair trial without it. *See United States v. Agurs*, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976); *United States v. Brumley*, 466 F.2d 911, 916 (10th Cir. 1972), *cert. denied*, 412 U.S. 929, 93 S.Ct. 2755, 37 L.Ed.2d 156 (1973). "The mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish 'materiality' in the constitutional sense." 427 U.S. at 109–110, 96 S.Ct. at 2400.

Evidence of fingerprints or the lack thereof on the lemonade can is clearly material in the ordinary legal sense. Wilks' position is that the missing evidence would be free of his fingerprints. The absence of Wilks' fingerprints on the can, if shown, would not prove his innocence, of course. If the can had on it the prints of inmate Dennis Morgan, it would provide cumulative evidence corroborating the confession by Morgan. Morgan testified that he placed an envelope containing the narcotics in the lemonade can without defendant's knowledge because he was leaving the penitentiary for several weeks. This additional evidence would not, of course, have required the jury to credit Morgan's confession. Indeed, as the prosecution points out, ground for discrediting Morgan's testimony exists in his assertion that he placed an envelope containing the narcotics in the lemonade can, since testimony by all the officers involved in the incident established that the packets of heroin were found lying loose in the can and were not in an envelope.

It would clearly be better to have preserved the lemonade can so it could be

tested for fingerprints. But the evidence was lost. The missing evidence could not prove defendant's innocence and at most could lend additional credence to Morgan's confession made in court. We hold insufficient prejudice was demonstrated to constitute reversible error.

## VII

Finally, Wilks attacks the verdicts as inconsistent and not supported by sufficient evidence. The jury convicted the defendant of interfering with Officer Schultz in the performance of his duties but found no violation with regard to the other two officers present at the incident. We see no inconsistency in these verdicts. To determine whether the evidence is sufficient, we must consider it in the light most favorable to the government, together with reasonable inferences fairly drawn therefrom. *United States v. Harper*, 579 F.2d 1235, 1239 (10th Cir.), *cert. denied*, 439 U.S. 968, 99 S.Ct. 459, 58 L.Ed.2d 427 (1978). Our careful review of the record convinces us that although conflicts exist in the testimony the evidence against defendant is sufficient to support both convictions rendered by the jury.

AFFIRMED.