**UNITED STATES of America,
Appellant,**

v.

**RABB, Wade Lee.**

**No. 81-3104.**

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit Rule 12(6)
April 28, 1982.

Decided May 27, 1982.

Rehearing and Rehearing In Banc
Denied June 28, 1982.

Certiorari Denied Oct. 4, 1982.
See 103 S.Ct. 162.

J. Alan Johnson, U. S. Atty., Paul J. Brysh, Asst. U. S. Atty., Pittsburgh, Pa., for appellant.

Bart M. Beier, Pittsburgh, Pa., for appellee.

Before ALDISERT, WEIS and BECKER, Circuit Judges.

**OPINION OF THE COURT**

ALDISERT, Circuit Judge.

This appeal by the United States from the district court's order dismissing an indictment with prejudice requires us to de-

cide whether a timely indictment returned by a grand jury whose term has expired, later superseded by an indictment returned by a valid grand jury, satisfies the Speedy Trial Act requirement that indictment occur within thirty days of arrest, 18 U.S.C. § 3161(b). We conclude that it does and therefore reverse.

## I.

Appellee Wade Lee Rabb, who had been arrested on August 3, 1981, was indicted by a federal grand jury on August 10, 1981, on charges of robbing a postal carrier and jeopardizing the carrier's life with a dangerous weapon, 18 U.S.C. § 2114, and unlawful possession of stolen government checks, 18 U.S.C. § 1708. The United States Attorney subsequently discovered that the charging grand jury's term had expired on May 8, 1981.[1] On October 2, 1981, the government sought and obtained from an unexpired grand jury a superseding indictment identical in all material respects to the first, and advised defense counsel on October 4 of the reasons for this action. The district court dismissed the first indictment on the government's motion.

Arguing that he had not been indicted within thirty days of his arrest as required by the Speedy Trial Act, 18 U.S.C. § 3161(b), Rabb moved for dismissal on November 5, 1981. The following day the court held a hearing which it focused on "the government's mistake," and at the close of the hearing it dismissed the indictment with prejudice pursuant to 18 U.S.C. § 3162(a)(1).[2] Citing the jury supervisor's testimony that she had advised the Assistant United States Attorney in charge of the grand jury to seek an extension of the grand jury's term, the court found that the government's failure to heed the advice was "gross negligence."

On November 12, 1981, the government filed a notice of appeal from the order of dismissal, properly invoking our jurisdiction under 18 U.S.C. § 3731. The next day the district court, acting on its own motion, calendared for November 19 a "Hearing To Supplement The Record." At that hearing the court summoned and interrogated witnesses, produced evidence and ordered it admitted into the record, and argued legal and factual issues with counsel and witnesses. At the close of testimony and without hearing formal argument, the court announced that it would reaffirm its previous decision to dismiss Rabb's indictment with prejudice, concluding that the August 10 indictment was a nullity.

## II.

The issue before us is solely one of statutory construction of the Speedy Trial Act. The Act requires speedy indictments as well as speedy trials following indictments: "Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b). Section 3162 implements the command of § 3161(b) by requiring dismissal of charges upon which no indictment has been filed within the time limits. But whether an indictment returned by a grand jury whose term has expired satisfies § 3161(b) is apparently a question of first impression in the courts of appeal.

1. Because this was a special grand jury, 18 U.S.C. § 3331, its term could have been extended before its expiration by order of the court; the U. S. Attorney had failed to obtain such an order.

2. Section 3162(a)(1) provides:

If, in the case of any individual against whom a complaint is filed charging such individual with an offense, no indictment or information is filed within the time limit required by section 3161(b) as extended by section 3161(h) of this chapter, such charge against that individual contained in such complaint shall be dismissed or otherwise dropped. In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.

To discern Congress' intent in § 3161(b), we begin with the language of the statute itself because we presume that the words Congress has chosen best reflect the legislative purpose. *Consumer Products Safety Comm'n. v. GTE Sylvania, Inc.*, 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980); *Richards v. United States*, 369 U.S. 1, 9, 82 S.Ct. 585, 591, 7 L.Ed.2d 492 (1962). Nevertheless, the approach is not one of slavish literalism, for "[a] word is not a crystal, transparent and unchanged, it is the skin of a living thought and may vary greatly in color and content according to the circumstances and the time in which it is used." *Towne v. Eisner*, 245 U.S. 418, 425, 38 S.Ct. 158, 159, 62 L.Ed. 372 (1918) (Holmes, J.). We reject a view that would make "a fortress out of a dictionary," remembering instead that "statutes always have some purpose or object to accomplish, whose sympathetic and imaginative discovery is the surest guide to their meaning." *Cabell v. Markham*, 148 F.2d 737, 739 (2d Cir.) (Learned Hand, J.), *aff'd*, 326 U.S. 404, 66 S.Ct. 193, 90 L.Ed. 165 (1945). Thus, although the literal meaning of the words chosen by Congress is respected, we no longer follow a rigid, semantic approach to statutory construction, lest we construe a statute within its letter, but beyond Congress' intent.

The specific task before us is to determine whether the term "indictment" in § 3161(b) is broad enough to encompass an indictment returned by a grand jury whose term had expired, but regular in all other respects. Thus the specific question is to interpret an unclear norm; we are not faced with a lacuna, or a nonexistent norm. Viewed in light of its purpose in the statutory schema and with "an eye to the surrounding statutory landscape," *United States v. Bass*, 404 U.S. 336, 344, 92 S.Ct. 515, 521, 30 L.Ed.2d 488 (1971), we conclude that appellee's reading of § 3161(b), although literally correct, is unsound, and that the August 10 indictment met the requirements of § 3161(b).

### III.

In *United States v. Goldstein*, 502 F.2d 526, 529 (3d Cir. 1974) (in banc), this court identified the three functions of an indictment; the August 10 indictment performed all three. It put the defendant on notice of the exact nature of the charges he would be required to defend against; it would have protected him from a second trial on the same offense had he been acquitted, *see United States v. Ball*, 163 U.S. 662, 16 S.Ct. 1192, 41 L.Ed. 300 (1896); and it was returned by an independent body upon a finding of probable cause. The superseding indictment was identical to the one returned by the first grand jury, and there was no allegation that the government obtained either indictment fraudulently or in bad faith. Once Rabb was arraigned on that indictment he could begin to prepare his defense knowing exactly what the government had to prove. With this knowledge he could intelligently decide whether to face trial or attempt to plea bargain. The government, also considering the August 10 indictment to be valid, proceeded with the case on the assumption that it was bound to bring it to trial within the time permitted by § 3161(c). Thus, Rabb has suffered no prejudice as a result of the defect in the indictment.

### IV.

The legislative history of § 3161(b) reveals that its purpose was to accelerate the indictment phase of criminal proceedings, which at times did not occur until months after arrest. As originally proposed, the Speedy Trial Act provided for a blanket 120 day period from arrest (or indictment if returned before arrest) to trial but Congress eventually determined that pre-indictment delays required segmentation of this period to insure orderly disposition of criminal cases. As enacted, the statute prohibits indictments or informations brought more than 30 days after arrest, with trial to commence within 70 days thereafter, plus excludable time. Recognizing that § 3161(b) is essentially a congressional directive for the orderly conduct of criminal proceedings, we have not been convinced that Congress intended its bar to apply to

superseding indictments made necessary by the type of defect present here. *Cf. United States v. Wilks*, 629 F.2d 669 (10th Cir. 1980) (§ 3161(b) time limitations do not apply to superseding indictments generally); *see also United States v. Budzyna*, 666 F.2d 666 (1st Cir. 1981) (holding that date of original indictment, not that of superseding indictment, controls for purposes of determining whether Speedy Trial Act sanctions apply).

Our interpretation of Congress' intent in § 3161(b) is supported by our examination of the surrounding "statutory landscape." 18 U.S.C. § 3288 provides that an indictment dismissed because of "any error, defect, or irregularity with respect to the grand jury" is nevertheless sufficient to toll the statute of limitations for an offense and re-indictments are possible.[3] The second circuit held in *United States v. Macklin*, 535 F.2d 191 (2d Cir. 1976), that an indictment returned by a grand jury whose term had expired, the precise situation present here, was sufficient under § 3288 to toll the statute of limitations. A construction of § 3161(b) that would render ineffective for Speedy Trial Act purposes a defective indictment that tolls the statute of limitations hardly makes for a pleasing statutory landscape.

## V.

■ Appellee argues, however, that a more proximate feature of the statutory landscape is Speedy Trial Act § 3161(d)(1), which provides:

> If any indictment ... is dismissed upon motion of the defendant ... and thereafter ... [an] indictment is filed charging such defendant with the same offense or an offense based on the same conduct or arising from the same criminal episode, the provisions of [subsection] (b) ... of this section shall be applicable with respect to such subsequent ... indictment....

Rabb contends that under § 3161(d)(1) the second indictment had to be returned within 30 days of his arrest, as required by § 3161(b). We find § 3161(d)(1)'s mandate less than crystal clear, however, because of its failure to indicate the starting date for the time limits. It therefore becomes necessary to resort to the legislative history of this section which reveals that Congress intended that the time limits of subsection (b) would begin to run *anew* from the date of the defendant's second arrest or charge, if any, and not from the date of the first arrest or charge. *See* A. Partridge, Legislative History of Title I of the Speedy Trial Act of 1974 78–79 (1980). *See also United States v. Dennis*, 625 F.2d 782, 793 (8th Cir. 1980). Thus, rather than being inconsistent, § 3161(d) reinforces our construction of § 3161(b).

## VI.

■ We therefore hold that in the absence of bad faith on the part of the government or prejudice to the defendant, an indictment returned by a grand jury whose term has expired is sufficient to toll Speedy Trial Act § 3161(b) if it is followed by a valid indictment, identical in all material respects. Because the Speedy Trial Act was not violated by the government in this case, the district court's dismissal was erroneous and we need not decide whether dismissal with prejudice was appropriate.

The judgment of the district court will be reversed.

---

**3.** 18 U.S.C. § 3288 provides:

Whenever an indictment is dismissed for any error, defect, or irregularity with respect to the grand jury, ... after the period prescribed by the applicable statute of limitations has expired, a new indictment may be returned in the appropriate jurisdiction within six calendar months of the date of the dismissal of the indictment ... which new indictment shall not be barred by any statute of limitations.