UNITED STATES of America, Plaintiff,

v.

Elliott VAN BRANDY, Gardie Shine,
Charles Thomas Patterson,
Defendants.

Crim. No. 82-0640-JLI.

United States District Court,
S.D. California.

March 31, 1983.

Peter K. Nunez, U.S. Atty., Leodis C. Matthews, Asst. U.S. Atty., San Diego, Cal., for plaintiff.

Paul Duvall, San Diego, Cal., for Van Brandy.

Frank M. Murphy, III, San Diego, Cal., for Shine.

Federal Defenders of San Diego, Inc. by Judy Clarke, San Diego, Cal., for Patterson.

## MEMORANDUM DECISION

IRVING, District Judge.

The sole issue presented for this Court's determination is whether four of six counts in a superseding indictment should be dismissed because of a violation of the Speedy Trial Act, 18 U.S.C. § 3161, *et seq,* and if so, whether that dismissal should be with or without prejudice.

### I

On August 17, 1982, defendants Van Brandy and Shine were arrested outside the Grossmont Bank in San Diego on suspicion of attempted bank robbery. Defendant Patterson was arrested a short time later only a few blocks from the bank.

This arrest resulted from the efforts of a confidential informant, Stephen Blevins, who was initially involved in the planning of the bank robbery, but subsequently went to the F.B.I. because of his belief that violence might occur during the commission of the robbery. Because the F.B.I. was working closely with Mr. Blevins, at least several weeks prior to the August 17 arrest, the government was aware of the identities and prior records of defendants Van Brandy and Shine at the time of the original indictment.

The original indictment in this case was filed August 25, 1982, charging each of the three defendants with conspiracy to rob a bank, 18 U.S.C. § 2113(a) and 18 U.S.C. § 371, and attempted bank robbery 18 U.S.C. § 2113(a). Several pre-trial motions were made by counsel for the defendants, and finally a trial date of December 14, 1982, was set.

On December 10, 1982, the Friday before trial, a superseding indictment was returned by the Grand Jury some 3½ months after the original indictment, charging identical counts 1 and 2, but adding four new counts. Those new counts charged

each defendant with being an ex-felon in possession of a weapon, 18 U.S.C.App. § 1202(a)(1) (counts 3, 4 and 5), and charged the defendants with carrying a firearm during the commission of a felony, 18 U.S.C. § 924(c)(2) (count 6).

On the morning of the trial, December 14, defense counsel moved, *inter alia,* for a dismissal of counts 3 through 6 because these counts were brought in violation of the Speedy Trial Act, specifically § 3161(b). This court denied that motion without prejudice to it being brought at a later time. Defendants alternatively argued the trial of counts 3 through 6 could not proceed because of the 30 day rule set forth in § 3161(c)(2). Since all parties were ready to proceed to trial the court having set aside the time to try the case, the jury having been summoned, and witnesses subpoenaed, the court severed, with the concurrence of the government, counts 1 and 2 from counts 3 through 6, and proceeded to trial December 15, 1982, on counts 1 and 2.

For reasons not relevant here, this first trial precipitated a defense motion for a mistrial which the court granted. After the granting of the motion, a new trial date of December 21, 1982, was selected. The defendants, though, moved for dismissal on the basis of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. The court denied the motion, an immediate appeal was taken, and the denial of the Double Jeopardy motion was affirmed by the Ninth Circuit Court of Appeals.

Following the Ninth Circuit's affirmance, trial began again on the first two counts on February 23, 1983, and the jury reached its' verdict on March 10, 1983. As to defendants Van Brandy and Shine, the jury found each guilty on both counts 1 and 2. As to defendant Patterson, the jury returned a not guilty verdict on count 1, and a guilty verdict on count 2.

This court then entertained the status of the remaining counts 3 through 6. Counsel for the defendants again moved for dismissal, and it is that issue, in the context described above, with which the court is presently confronted.

II

The defendants' primary contention is that the additional counts of the superseding indictment were not pursued in a timely fashion.

18 U.S.C. § 3161(B) provides:

Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charged.

At first blush, the plain language of the statute would appear to preclude any charges relating to the same offense thirty days after arrest. The government, in responding to this, submits several cases to the effect that the 30 day period does not apply to charges brought in a superseding indictment.

*United States v. Wilks,* 629 F.2d 669 (10th Cir.1980) most squarely conforms to the government's position. In that case, a superseding indictment was filed some four months following the original indictment, and on the eve of trial. The court not only held that absent prejudice to the defendants, a superseding indictment may be filed at any time, 629 F.2d at 672, but also that the delay in filing was not violative of the Speedy Trial Act. *Id.* at 673. As to this latter point, the court reasoned:

Wilks' argument that the superseding indictment violated § 3161(b) of the Speedy Trial Act is equally unpersuasive. At the time of Wilks' arrest, this subsection of the Act, as modified by subsection (f), set the time limit between arrest and indictment at 45 days. There is nothing in either the statute or cases construing it to suggest that a superseding indictment must be filed within the 45-day period allowed for the original indictment.

*Id.*

As in the case presently before this court, the *Wilks* court was faced with additional counts in the superseding indictments which could have been filed substantially earlier.

To the extent, however, that *Wilks* condones such actions by the government, this court finds the opinion unpersuasive. It appears to this court that when, as here, information relating to the additional counts is known well in advance of the date of the superseding indictment, the government must come forward with valid reasons as to why it delayed in seeking the additional counts against the defendants.

Another case relied on by the government, *United States v. Budzyna,* 666 F.2d 666 (1st Cir.1981), is distinguishable here. In *Budzyna,* the court was confronted with a situation where the original indictment was filed prior to the implementation of the Speedy Trial Act, and a superseding indictment was filed subsequent to the implementation of the Act. 666 F.2d at 670. It is this court's view that the thrust of the opinion revolves on this issue, and the case, to the extent it supports the government's arguments, is distinguishable from the situation here.

Finally, the government relies on the outcome, but not the language, of *United States v. Rabb,* 680 F.2d 294 (3d Cir.) *cert. denied,* —— U.S. ——, 103 S.Ct. 162, 74 L.Ed.2d 135 (1982). The case broadly discussed the language, legislative history, and purpose of the Speedy Trial Act. In *Rabb,* the court was faced with a unique factual situation. An indictment was returned seven days after the defendants' arrest, but it was subsequently determined that the term of the Grand Jury returning the indictment had previously expired. Approximately 50 days after the arrest, a superseding indictment was returned by an "unexpired Grand Jury," and the defendant made a § 3161(b) motion for dismissal. 680 F.2d at 295.

The court first explored the functions of an indictment: a) notice to the defendant of the exact nature of the charges against him or her; b) protection from a second trial on the same charges: and c) to allow an independent body, based on probable cause, to return the charges. *Id.* at 296.

As to the legislative history of the act, the court discussed the purpose of § 3161(b) as being the acceleration of the indictment phase of criminal proceedings. *Id.* Further, and contrary to *Wilks* and *Budzyna,* the court recognized, in some circumstances, restraint upon the government in returning superseding indictments:

> Recognizing that § 3161(b) is essentially a congressional directive for the orderly conduct of criminal proceedings, we have not been convinced that Congress intended its bar to apply to superseding indictments made necessary by the type of defect present here. *Cf. United States v. Wilks,* 629 F.2d 669 (10th Cir.1980) (§ 3161(b) time limitations do not apply to superseding indictments generally); *see also United States v. Budzyna,* 666 F.2d 666 (1st Cir.1981) (holding that date of original indictment, not that of superseding indictment, controls for purpose of determining whether Speedy Trial Act sanctions apply.)

*Id.* at 296–97.

With these principles in mind, their application to the specific circumstances of this case must next be made.

### III

At the time of the return of the superseding indictment, it occurred to this court that the prosecution of this action had resulted in several irregularities. As discussed below, these irregularities, in the context of the Speedy Trial Act, cast doubt on the propriety of counts 3 through 6.

Comparing the two indictments in this case, it is clear that the superseding indictment did not, as the indictment in *Rabb* did, parallel the original indictment. Whereas in *Rabb* the original indictment met all three of the functions of the indictment generally, the same cannot be said here; neither notice of all the charges, nor the prevention of double jeopardy, were adequately encompassed by the original indictment.

Given this situation, this court finds that the concerns evidenced by Congress in the passing of the Speedy Trial Act are present in this case.

As noted above, the *Wilks* and *Budzyna* cases appear to allow unfettered government discretion in the timing of indictments. Necessarily, however, it appears that the Speedy Trial Act removes some of that discretion, specifically in § 3161(b). Prejudice results to a defendant not necessarily in an abstract situation, but because the proceedings against him or her are prosecuted in a disorderly fashion; it is as if the government can simply continue charging new offenses, of which it was aware all along, as a means of obtaining the result it deems proper.

This court, in attempting to ascertain the reasons for the delay, was advised by the government that there was nothing unusual in the handling of this case and that the government has total discretion in the timing of indictments.

While this court believes that in most instances the government's position is correct, it also feels a balance must be struck between that discretion, the rights of the defendants, and the orderly administration of justice by the courts.

Where, as here, the government is in possession of all facts needed to proceed with its superseding indictment, at the latest on September 17, 1982, it waits until the eve of trial, some three months later, to file its superseding indictment, this court feels the government must offer some valid explanation for its delay, since this delay adversely affected the orderly proceeding of the trial. Absent a showing by the government of its reasons for the delay, this court feels it has authority to dismiss. Since no reasons, other than as stated above, were given to this court, counts 3 through 6 of the superseding indictment are dismissed pursuant to 18 U.S.C. § 3162(a)(1).

#### IV

Having determined that these counts should be dismissed, it is incumbent upon the court to determine whether the counts should be dismissed with or without prejudice.

18 U.S.C. § 3162(a)(1) in part provides:

In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.

Taking these factors into consideration here, the court finds the following:

First, while it is true that offenses charged here are serious, convictions have been obtained against the defendants on other counts, and the penalties which can be imposed as to these counts are substantial. While this court recognizes that serious issues will have to be resolved as to these counts on appeal, the court does not believe this factor necessarily weighs in favor of granting the motion to dismiss without prejudice.

Further, the court believes, although it must not, at this time, decide the issue, that there may be serious problems in the court's authority to impose an enhanced sentence under both the attempted bank robbery charge (18 U.S.C. § 2113(a)) and the charge of carrying a firearm in the commission of a felony (18 U.S.C. § 924(c)). *United States v. Diogenes,* 638 F.2d 125 (9th Cir.1981). This problem necessarily diminishes the weight to be given this factor.

Second, the facts and circumstances of the case have been discussed at great length above, and the court feels that a sanction against the government is necessary to ensure orderly criminal prosecution.

As to the administration of justice, a trial of counts 3 through 6 and particularly count 6, will be a repeat of the previous trial except for a new jury. The same witnesses will testify to the same facts and nine more days of trial time will be consumed. All of this could have been avoided had the evidence been presented to the grand jury in the first instance. *See also United States v. Gonsalves,* 691 F.2d 1310 (9th Cir.1982).

Finally, as to the administration of the act, this court believes that a dismissal

**442**

without prejudice would simply make the sanctions of the Speedy Trial Act ineffective.

The government has stated that it will re-indict immediately if a dismissal without prejudice is ordered.

**V**

Under what this court believes to be unusual and unique circumstances and further based on the parties' memoranda, the documentary evidence before the Court, and the oral arguments of all who appeared in this case, counts 3 through 6 of the superseding indictment, filed December 10, 1982, are dismissed with prejudice.

IT IS SO ORDERED.