787 F.2d 593
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee
v.
THOMAS JOHN KORYTO, Defendant-Appellant.
 85-1538
 United States Court of Appeals, Sixth Circuit.
 3/3/86
 
 AFFIRMED
 W.D.Mich.
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN
 Before: LIVELY, Chief Judge; MERRITT and NELSON, Circuit Judges.
 MERRITT, Circuit Judge.
 
 
 1
 In this direct criminal appeal from conviction for conspiracy to sell cocaine (21 U.S.C. Sec. 841(a) and 846) and substantive counts of cocaine possession with intent to distribute, the defendant contends that the superseding indictment on which he was tried violated due process and the Speedy Trial Act, that the evidence was insufficient to prove one of the substantive drug offenses (Count 4) and that his sentence is invalid.
 
 
 2
 The case began with an April 1984, indictment combining RICO and drug offenses. After the District Court dismissed major portions of the first indictment in December 1984, the superseding indictment revising the charges was filed in January 1985.
 
 
 3
 In order to prevail on his due process pre-indictment delay claim, the defendant must show prejudice to his defense and a second element, namely, that the government delayed in order to obtain an unfair tactical advantage or for other improper reasons. See U.S. v. Lovasco, 432 U.S. 783 (1977); U.S. v. Duncan, 763 F.2d 220 (6th Cir. 1985). For the reasons set out in District Judge Gibson's opinion of March 8, 1985 (App. 26-33), defendant's due process claim is without merit. Defendant has pointed to no improper government motive. The reason shown for the delay in obtaining the first indictment was the need for investigation. The basic reason for post indictment delay after the first indictment was defendant's request for postponement. The reason for the superseding indictment was Judge Gibson's dismissal of major portions of the first indictment.
 
 
 4
 The defendant's Speedy trial argument is that he should not be required to stand trial on the superseding indictment because it was returned more than 30 days following his arrest in violation of 18 U.S.C. Sec. 3161(B)(1) (indictment 'should be filed within thirty days from the date' of arrest). This theory is without merit. The government may alter its legal theories of criminal liability arising out of the same criminal event by superseding indictment without running afoul of the 30-day provision. The purpose of the 30-day rule is to insure that a defendant is not held under an arrest warrant for an excessive period without receiving formal notice of the charge by indictment. Here the superseding indictment arose out of the same activities charged in the first indictment. Just as the first indictment tolls the running of the statute of limitations when a superseding indictment charging the same basic activities is thereafter filed after the statutory period, see U.S. v. Panebianco, 543 F.2d 447, 454 (2nd Cir. 1976); cf. Ashe v. U.S., 288 F.2d 725, 731 (6th Cir. 1961), so also the same notice considerations suggest that the first indictment tolls the 30-day period under 3161(b). See U.S. v. Rabb, 680 F.2d 294, 296-97 (3rd Cir. 1982).
 
 
 5
 The third question presented attacks the sufficiency of the evidence on Count 4 of the indictment charging possession of 1/4 ounce of cocaine in January 1980. Jensen and Adama testified that they purchased 1/8 to 1/4 ounce of cocaine each week in the last months of 1979 and the first several months of 1980. Although the testimony does not specify a particular date, the testimony, if believed, establishes the possession offense. There was evidence from which a rational jury could find the Count 4 offense proved.
 
 
 6
 The fourth question presented concerning the length of the sentence is without merit. The sentence imposed was well within the sentencing discretion of the District Court. Accordingly, the judgment of the District Court is affirmed.