**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Librado Israel PEREZ and Eustolio Gil
Aranda–Rodriguez,
Defendants–Appellants.**

No. 87–2550.

United States Court of Appeals,
Fifth Circuit.

April 29, 1988.

Heriberto Medrano, Harlingen, Tex. (court appointed), for Perez.

Roberto J. Yzaguarre, McAllen, Tex., for Rodriguez.

Henry K. Oncken, U.S. Atty., Patty Merkamp Stemler, Mervyn Hamburg, Appellate Section, Crim. Div., U.S. Dept. of Justice, Washington, D.C., for U.S.

Before GARZA, HIGGINBOTHAM and SMITH, Circuit Judges.

GARZA, Circuit Judge:

The defendants appeal from an order of the district court denying their motions to dismiss a second indictment on the basis that it violated the Speedy Trial Act's requirement that indictment occur within thirty days of arrest, 18 U.S.C. § 3161(b). Because the first indictment which subsequently was found to be defective tolled the applicable limitation period, and because fewer than thirty days elapsed between the defendants' second arrest and indictment, the district court properly denied the motions to dismiss on speedy trial grounds, and therefore we affirm.

## I. Proceedings

On August 11, 1986, the defendants-appellants, Librado Israel Perez and Eustolio Gil Aranda–Rodriguez, were arrested by Federal Drug Enforcement Agents in Mission, Texas. A complaint was filed the following day charging them with conspiracy to import and importation of 850 pounds of cocaine. On August 20, a grand jury in Houston returned an eight-count indictment, charging the defendants with various offenses pertaining to the importa-

tion, possession and distribution of cocaine. On October 15, the defendants pleaded guilty to Count One of the indictment.[1] The district court proceeded to sentence the defendants to twenty years in prison.

In early-January of 1987, Jesse E. Clark, the Clerk of the United States District Court for the Southern District of Texas, learned that the Houston grand jury had returned indictments in nine cases after their term had expired. One of those void indictments was returned against the defendants in this case. Mr. Clark informed counsel for the defendants and the Government of this problem in mid-January. On January 26, the district court received notice from Mr. Clark about the invalidity of the grand jury's indictment.

On January 30, the district court issued an order *sua sponte* setting aside the void indictment and vacating the convictions. In anticipation of this dismissal the Government filed a new complaint the previous day. On February 10, a grand jury in Brownsville reindicted the defendants in an eight-count indictment. This valid indictment was identical in all material respects to the original indictment.

The defendants moved to dismiss the second indictment on the basis that it violated § 3161(b) of the Speedy Trial Act of 1974, 18 U.S.C. § 3161(b).[2] They argued that the indictment had to be dismissed because it was not returned within thirty days of their arrests on August 11, 1986. The district court denied the motions. On March 31, 1987, the defendants entered conditional guilty pleas to Count One of the indictment, thus preserving their right to appeal the denial of their speedy trial motions. The district court once again sentenced the defendants to twenty years in prison.

Section 3161(b) clearly requires the Government to file an information or indictment against an individual within thirty days from the date of the individual's ar-

---

1. Count One charged a conspiracy to possess more than one hundred kilograms of cocaine knowing that the drug would be imported unlawfully from Mexico.

2. Although at trial defendant Aranda–Rodriguez filed a Waiver of Trial Limits, at oral argument the Government conceded that he did not waive his Speedy Trial Act rights. Thus, Aranda–Rodriguez remains in the same posture as defendant Perez for purposes of this appeal.

rest. Relying upon *United States v. Rabb*, 680 F.2d 294 (3d Cir.), *cert. denied*, 459 U.S. 873, 103 S.Ct. 162, 74 L.Ed.2d 135 (1982), the district court first determined that the term "indictment" as used in § 3161(b) was broad enough to include an indictment returned by a grand jury whose term had expired. The Third Circuit held in *Rabb* that an indictment returned by a grand jury whose term had expired is sufficient to toll § 3161(b) if it is followed by a valid indictment identical in all material respects, unless there is proof of bad faith on the part of the Government or prejudice to the defendant. *Id.* at 297. Therefore, the district court ruled, for Speedy Trial Act purposes the first indictment existed.

The district court then considered whether the thirty-day arrest-to-indictment period was tolled while the original indictment was outstanding or whether the thirty-day period began anew after the original indictment was dismissed. Persuaded by the reasoning of the Ninth Circuit in *United States v. Feldman*, 788 F.2d 544 (9th Cir. 1986), *cert. denied*, — U.S. —, 107 S.Ct. 955, 93 L.Ed.2d 1003 (1987),[3] the district court concluded that the *sua sponte* dismissal of the first indictment restarted the thirty-day arrest-to-indictment period. Therefore, the second indictment was timely filed because it was returned only eleven days after the first indictment was dismissed.

## II.  Discussion

The defendants challenge the district court's order holding that the thirty-day arrest-to-indictment time limitation of § 3161(b) of the Speedy Trial Act was not violated. They make essentially two argu-

ments to support their challenge. First, they argue that the initial indictment was a nullity for Speedy Trial Act purposes, and that it should be disregarded in determining whether the thirty-day limit of § 3161(b) was satisfied. Second, they contend that if the first indictment did toll the thirty-day term, the clock began to run again when the Government learned that the first indictment was defective. Counting each day between their arrests and the return of the first indictment (9 days), and each of the days between the time the Government became aware of the defect and the return of the second indictment (approximately 26 to 31 days), they claim that the thirty-day limit for filing an indictment was not followed.

■ A simple review of the chronology of events will provide an answer to their challenge. It is beyond dispute that the first indictment satisfied the thirty-day time limit of § 3161(b). Under the plain language of that section, an indictment returned by a grand jury stops the thirty-day arrest-to-indictment time period. Section 3161(b) applies to "any" indictment, including one that subsequently is found to be defective or invalid. *See United States v. Samples*, 713 F.2d 298, 303 (7th Cir.1983). The purpose of this provision is to force the Government to elect to proceed against the arrestee or to release him. This purpose is served when the indictment is returned, irrespective of the termination of the grand jury's authority.

In *Rabb*, the Third Circuit held that, absent bad faith on the part of the Government or prejudice to the defendant, "an indictment returned by a grand jury whose

---

**3.** Examining the statutory scheme, the *Feldman* court found it significant that § 3161(d)(1) required "restarting the clock where the indictment 'is dismissed upon motion of the defendant, *or any charge contained in a complaint filed against an individual is dismissed or otherwise dropped.*'" 788 F.2d at 549 (emphasis in original). The circuit court reasoned that the provision was applicable to any type of dismissal other than those made on the Government's motion. Consequently, the court ruled that the lower court's *sua sponte* dismissal had the same effect as if the defendant motioned for dismissal. The *Feldman* court concluded that *sua*

*sponte* dismissals restarted rather than tolled the Speedy Trial Act time period. *Id.*

It should be noted that the *Feldman* court analyzed the seventy-day limitation period set forth in § 3161(c)(1). In *United States v. Rojas–Contreras*, 474 U.S. 231, 106 S.Ct. 555, 560, 88 L.Ed.2d 537 (1985), two justices of the Supreme Court, in a concurring opinion, stated that both the thirty-day and seventy-day provisions "were intended to operate in tandem." *Id.* Thus, the district court properly reasoned that the *Feldman* analysis is applicable to the thirty-day provision in § 3161(b).

term has expired is sufficient to toll Speedy Trial Act § 3161(b) if it is followed by a valid indictment, identical in all material respects." 680 F.2d at 297. The *Rabb* court recognized that the first indictment, although defective, had served the essential functions of an indictment because (1) it put the defendant on notice of the exact nature of the charges he would be required to defend against; (2) it protected him from a second trial on the same offense if he was acquitted; and (3) it was returned by an independent body upon a finding of probable cause. *Id.* at 296.

Likewise, the indictment against the defendants in this case served those functions.[4] Because the first indictment was returned within the thirty-day period, the purposes underlying the Speedy Trial Act were carried out. The defendants refer us to language in *Rabb* where the circuit court stated that the thirty-day clock is stopped "in the absence of bad faith on the part of the government or prejudice to the defendant." *Id.* at 297. The defendants suggest that because they were arrested near Brownsville the Government acted in bad faith in seeking the first indictment from a grand jury in Houston. This conduct allegedly caused a delay in the defendants' preliminary hearing, and deprived them of the opportunity to disprove probable cause. They also suggest that they were prejudiced, being denied bail because the indictment alleged a narcotics violation, and thus raised a rebuttable presumption against granting bail.

█ The district court noted in its Memorandum and Order that there was no evidence to indicate that the Government knew that the grand jury's term had terminated prior to being informed by Mr. Clark. Our study of the record supports that finding. Counsel for the defendants cannot cite nor can we find any cases holding that the Government must delay seeking an indictment so that a defendant can contest probable cause in a preliminary hearing. Additionally, both Brownsville and Houston are located in the Southern District of Texas where the defendants were arrested. Irrespective of that point, the defendants' guilty pleas obviate their claim that the manner of seeking the first indictment prevented them from disproving probable cause. We agree with the district court that the term "indictment" in § 3161(b) is broad enough to encompass an indictment returned by a grand jury whose term had expired, where it is followed by a valid indictment identical in all material respects to the void indictment, unless bad faith on the part of the Government or prejudice to the defendant is shown.

Because we have determined that the first indictment tolled § 3161(b)'s thirty-day arrest-to-indictment requirement, we must now determine whether the time limit started anew after the convictions were vacated and the first indictment was dismissed. The defendants complain that even if the first indictment tolled the Speedy Trial Act on August 20, 1986, the period restarted where it left off at the point when the Government learned of the defective indictment. They claim that the thirty-day clock resumed on January 12 or 13, 1987, when the Government became aware of the invalidity of the first indictment. The defendants calculate that 29 days elapsed between January 12 and February 10, when the second indictment was returned, and 9 days expired between their August 11 arrest and first indictment on August 20, so that the thirty-day time limitation was violated.

█ Two sections of the Speedy Trial Act establish rules for calculating speedy trial time where an indictment is dismissed. Under § 3161(d)(1), when an indictment is dismissed on the defendant's motion, the subsequent return of an indictment triggers new statutory time periods. *See United States v. Hutchins*, 818 F.2d 322, 326 (5th Cir.1987), *cert. denied,* —— U.S. ——, 108 S.Ct. 772, 98 L.Ed.2d 859 (1988). Under § 3161(h)(6), when an indictment is dismissed on the Government's motion, the statutory time limit is merely suspended until a new indictment is returned. The period between the indictments is excluded

---

**4.** The defendants offer no challenge to the requirement in *Rabb* that the second indictment must be valid and identical in all material respects to the void indictment.

from speedy trial calculations, but the clock is not reset. *See United States v. Dennis*, 625 F.2d 782, 793 (8th Cir.1980). The statute does not specifically address *sua sponte* dismissals by the district court.

The Ninth Circuit addressed this issue in *Feldman*, 788 F.2d at 547. In examining the limited legislative history of § 3161(d)(1), which requires the application of § 3161(b) time limits to subsequent indictments arising out of the same events, the court recognized that Congress intended the time limits to run anew from the date of the second arrest or charge. *Id.* at 549. *See* A. Partridge, Legislative History of Title I of the Speedy Trial Act of 1974, 78–9 (1980). The circuit court ruled that, under § 3161(d)(1), the thirty-day clock starts anew not only for dismissal of an indictment upon motion of the defendant, but also for dismissal by the court *sua sponte*. 788 F.2d at 549. The *Feldman* court explained:

> We think it significant that section 3161(d)(1) requires restarting the clock where the indictment "is dismissed upon motion of the defendant, *or any charge contained in a complaint filed against an individual is dismissed or otherwise dropped.*" (Emphasis added.) The two disjunctive clauses, with their passive construction, suggest that the subsection applies to any manner of dismissal of an indictment except on the government's own motion, presumably including a *sua sponte* dismissal.

*Id.*

In any event, the consequence of the *sua sponte* dismissal favored the defendants. They were admitted narcotics violators, and then the first indictment was dismissed and their convictions were vacated. As beneficiaries of the court's dismissal, the motion to dismiss must be treated as their own. *Id. See United States v. Mize*, 820 F.2d 118, 121 (5th Cir.), *cert. denied,* —— U.S. ——, 108 S.Ct. 328, 98 L.Ed.2d 355 (1987). When the defendants entered unconditional guilty pleas to Count One of the first indictment, the speedy trial calculations triggered by their initial arrests and indictment ended. When the district court vacated

their convictions, essentially permitting them to withdraw their pleas, the time limits began anew. Because the pleas based on the first indictment were dismissed, the retrial clock did not start until a new complaint was filed. Because the second indictment was returned on February 10, the thirty-day statutory time limit of § 3161(b) plainly was not violated.

### III. Conclusion

As no Speedy Trial Act violation occurred in this case, the district court's denial of the motions to dismiss the second indictment was proper.

AFFIRMED.