**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jose Jimenez CASTELLANO,
Defendant–Appellant.**

**No. 87–6001.**

United States Court of Appeals,
Fifth Circuit.

June 13, 1988.

Oscar B. McInnis, McAllen, Tex., for defendant-appellant.

Frances H. Stacy, Evan M. Spangler, Asst. U.S. Attys., Henry K. Oncken, U.S. Atty., Houston, Tex., for plaintiff-appellee.

Before REAVLEY, GARWOOD and DAVIS, Circuit Judges:

PER CURIAM:

The sole question presented in this direct criminal appeal is whether the government's delays in indicting and trying appellant Jose Jimenez Castellano violated the Speedy Trial Act. We agree with the district court that appellant did not establish a violation of the Speedy Trial Act and affirm.

I.

Castellano was convicted on his conditional plea of guilty for bank fraud. The government charged that Castellano opened an account in the Texas Commerce Bank in McAllen, Texas, by depositing an $800 check drawn on a closed account in a New Mexico bank. Before the deposited check completed the collection process, Castellano withdrew all or part of the funds credited to the new bank account. The government alleged that Castellano and his co-defendants repeated this scheme at several banks.

On April 7, 1987, the government charged Castellano with eighteen counts of transporting falsely made securities in interstate commerce and one count of conspiring to commit this offense. He was arrested and made an appearance before a magistrate on April 8.

On May 7 Castellano filed a motion to dismiss the indictment. The motions were argued on May 29 and taken under advisement. On June 2, 1987, the government dismissed the existing indictment and filed a superseding indictment charging Castellano with eighteen counts of bank fraud.

On August 3, the court denied Castellano's motion to dismiss the superseding indictment; Castellano then entered a conditional plea of guilty to Count II of the superseding indictment. The court adjudged Castellano guilty on his plea of guilty and sentenced him to serve four years in prison.

Castellano argued in district court that the government had violated the Speedy Trial Act in two respects: (1) because the original indictment filed against Castellano on April 7 was invalid, the government

failed to charge Castellano with the commission of an offense within thirty days from his arrest; and (2) the government violated the Speedy Trial Act by failing to bring Castellano to trial within seventy days of his first judicial appearance. The district court rejected Castellano's argument and so do we.

## II.

Appellant first argues that the initial indictment which was defective did not toll the Speedy Trial Act limitation period which requires that an accused be indicted within thirty days of his arrest. Castellano relies on 18 U.S.C. § 3161(b), which provides in part: "Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested . . . ." Castellano argues that "indictment" in this context means a *valid* indictment charging an accused with a crime and does not include an invalid indictment that does not legally charge an accused with a crime.[1]

A panel of this court recently considered and laid to rest this issue. In *United States v. Perez*, 845 F.2d 100 (5th Cir.1988), the original indictment was dismissed because the grand jury's term had expired before the indictment was returned. An identical indictment was returned by another grand jury, but more than thirty days elapsed between Perez' arrest and the issuance of the new indictment. We held that the first indictment tolled the thirty-day period in § 3161(b) even though it was ultimately dismissed.

*Perez* controls the instant case. The superseding indictment filed in this case was predicated on the same fraudulent acts as the earlier indictment; appellant does not suggest that he was prejudiced by the superseding indictment or that the government acted in bad faith in the manner in which it indicted him. Thus the district court correctly rejected Castellano's argument that the government violated § 3161(b) of the Speedy Trial Act when the superseding indictment was not filed within thirty days from the date of his arrest.

Castellano's second argument is closely related to the first. He contends that because the first indictment was a nullity the delays resulting from filing and disposition of pretrial motions with respect to that invalid indictment should not be excluded in determining whether appellant was tried within seventy days of his first judicial appearance as required by 18 U.S.C. § 3161(c)(1). This contention is meritless. As indicated above, the April 7 indictment qualifies as "any indictment" under § 3161(b). Obviously any pretrial motion levelled at dismissing that indictment counts as excludable time under 18 U.S.C. § 3161(h)(1)(F). This section excludes from both the thirty- and seventy-day periods for "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of such motion."

Castellano first appeared before a judicial officer on April 8, 1987.[2] From April 8 (the date of the first appearance) to August 3, 117 days transpired. The properly excludable days were the 10 days from April 15 to April 24 (motion to revoke detention),

---

1. We assume, without deciding, that the April 7, 1987 indictment was invalid.

2. The following table represents the chronology of dates relevant for Speedy Trial Act purposes:

April   7 – Indictment
        8 – First appearance
      15 – Motion to revoke detention
      24 – Disposition of detention motion

May    7 – Motion to dismiss indictment
      29 – Hearing on motion to dismiss

June   2 – Government files superseding indictment

      16 – Government files a second superseding indictment naming Peiffer as an additional defendant
      25 – Arraignment of both defendants

July    8 – Defendant Peiffer files a motion for bill of particulars and a motion for discovery
      13 – Defendant Castellano files a motion to dismiss the superseding indictment

August  3 – Denial of motion to dismiss and entry of conditional guilty pleas

the 25 days from May 7 to June 2 (motion to dismiss indictment) and the 27 days from July 8 to August 3 (Peiffer's motion for bill of particulars and discovery; Castellano's motion to dismiss the superseding indictment). All these periods of time are excludable as delay resulting from pretrial motions pursuant to 18 U.S.C. § 3161(h)(1)(F). *See United States v. Ratcliff*, 806 F.2d 1253, 1256 (5th Cir.1986), *cert. denied,* — U.S. —, 107 S.Ct. 1625, 95 L.Ed.2d 878 (1987). Thus the excludable days totalled 62. Subtracting the 62 days from the 117 total results in 55 includable days, well within the permissible 70–day limit of 18 U.S.C. § 3161(c)(1).

Because we find no error in the district court's judgment, it is

AFFIRMED.