UNITED STATES of America
Plaintiff–Appellee,

v.

Pamela Gay PAGE,
Defendant–Appellant.

No. 87–5485.

United States Court of Appeals,
Eighth Circuit.

Submitted July 21, 1988.

Decided Aug. 11, 1988.

Scott F. Tilsen, Minneapolis, Minn., for defendant-appellant.

Joan N. Ericksen, Asst. U.S. Atty., Minneapolis, Minn., for plaintiff-appellee.

Before HEANEY and MAGILL, Circuit Judges, and EDWARDS,* Senior Circuit Judge.

GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.

Appellant Page was indicted on bank fraud charges. She now seeks a judgment setting aside her indictment and her subsequent guilty plea. The guilty plea was conditioned upon the outcome of her claim that she was entitled to have the proceedings quashed because of a violation of the Speedy Trial Act. That Act, 18 U.S.C. § 3161 provides in applicable part:

> (h) The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence.

>     *     *     *     *     *     *

> (6) If the information or indictment is dismissed upon motion of the attorney for the Government and thereafter a charge is filed against the defendant for the same offense, or any offense required to be joined with that offense, any period of delay from the date the charge was dismissed to the date the time limitation would commence to run as to the subsequent charge had there been no previous charge.

The District Court looked to *United States v. Feldman*, 788 F.2d 544 (9th Cir. 1986), *cert. denied*, 479 U.S. 1067, 107 S.Ct. 955, 93 L.Ed.2d 1003 (1987), which was the only case to have ruled on the specific question of how a *sua sponte* dismissal by the trial court is treated under the Speedy Trial Act. That court held unequivocally that *sua sponte* dismissals restart rather than toll the speedy trial clock. That Court found:

---

* The HONORABLE GEORGE C. EDWARDS, JR., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

The government's position is consistent with courts' reluctance to extend section 3161(h)(6) beyond its literal wording. *See, e.g., United States v. Bounos,* 730 F.2d 468, 470–71 (7th Cir.1984) (Government need not have good faith basis for dismissing indictment).

We think it significant that section 3161(d)(1) requires restarting the clock where the indictment "is dismissed upon motion of the defendant, *or any charge contained in a complaint filed against an individual is dismissed or otherwise dropped.*" (Emphasis added.) The two disjunctive clauses, with their passive construction, suggest that the subsection applies to any manner of dismissal of an indictment except on the government's own motion, presumably including a *sua sponte* dismissal.

*Feldman* at 549.

That Court also found that:

There can be no doubt that Feldman was the beneficiary of the *sua sponte* dismissals, even though he opposed the second dismissal because it was not with prejudice. The result of the dismissals was to free him from custody, and to force the government unexpectedly to prepare a new indictment. Thus, the effect of the dismissals is the same as if the court had acted on Feldman's motion. This outcome of the court's action, when taken with the fragmentary indications from the statute itself and from the legislative history, indicates that the *sua sponte* dismissals here should be treated as if they were on Feldman's motions, thus restarting the clock at seventy days on each reindictment and rearraignment.

*Id. See also, United States v. Perez,* 845 F.2d 100 (5th Cir.1988).

The District Court basically relied on this *Feldman* reasoning to reach a similar result in the instant case. The court said:

Here the information was dismissed because Page chose to withdraw her waiver of indictment. That action was comparable to a motion to dismiss the information and proceed by indictment. In either case—a *sua sponte* order by the court or a withdrawal of the initial charge at defendant's request—the outcome is the same. The time period under the Act begins to run anew. Page's trial was set, and her guilty plea entered within the period required by the Act.

The government claims that the interests of justice clearly dictate that a defendant who pleads guilty under a plea agreement which the trial court finds to be too lenient should not be rewarded by dismissal of the case against her altogether. Here, the government acted quickly to recharge the defendant after the indictment waiver was withdrawn and the information dismissed. The case was presented to the grand jury the very next month following the dismissal, even though the Speedy Trial Act does not apply where no charges are pending against a defendant. *United States v. Loud Hawk,* 474 U.S. 302, 106 S.Ct. 648, 88 L.Ed.2d 640 (1986); *United States v. Hutchins,* 818 F.2d 322 (5th Cir.1987), *cert. denied,* — U.S. —, 108 S.Ct. 772, 98 L.Ed.2d 859 (1988). Defendant Page committed an offense for which Congress has provided a penalty of five years in prison, 18 U.S.C. § 1344, and up to a $250,000 fine, 18 U.S.C. § 3623.

After the court rejected her split sentence plea agreement and dismissed the information, she was promptly recharged. Following indictment, she was promptly notified of a new trial date well within the 70 days provided in the Speedy Trial Act. She made no objection to the October 20 trial date, despite being advised of it on September 4.

The District Court's ruling was based on a common-sense reading of the statute and relies on the only federal case to address the issue of *sua sponte* dismissals. The appellant has presented no viable reason for overturning the District Court ruling.

AFFIRMED.