801 F.2d 395
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Appellee,
v.
Mitchel ABLES, a/k/a "Mitch," Appellant.
UNITED STATES of America, Appellee,
v.
Ronald Calvin DILLOW, Appellant.
 Nos. 85-5062, 85-5073.
 United States Court of Appeals, Fourth Circuit.
 Argued April 8, 1986.
Decided Sept. 15, 1986.
 
 Edward L. Weiner (Weiner, Weiner & Weiner, P.C., A. Strode Brent, Jr., Whitestone, Phillips, Brent, Young & Merrill, P.C., on brief), for appellants.
 William G. Otis (Elsie L. Munsell, U.S. Atty., Justin W. Williams, Asst. U.S. Atty., on brief), for appellee.
 E.D.Va.
 AFFIRMED.
 Before RUSSELL, PHILLIPS and MURNAGHAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Ronald C. Dillow and Mitchel Ables appeal from their convictions on several counts of violating federal law in connection with a conspiracy to distribute cocaine and to manufacture and distribute PCP and PCP-Y.[1] Law Law enforcement agents arrested Dillow and Ables on September 9, 1984, and a grand jury indicted them on September 11, 1984. Subsequently, on November 15, 1984, the grand jury returned a superseding indictment against Dillow and Ables which contained the same charges included in the first indictment but expanded the dates and overt acts in the conspiracy charge. On November 16, 1984, the trial court dismissed the original indictment on a government motion, and on January 23, 1985, a jury found both defendants guilty of several violations of federal law. Arguing that this was in error, the defendants have brought this appeal.
 
 
 2
 In their first argument, the defendants maintain that because authorities arrested them on September 9, 1984 and the jury returned the indictment supporting their convictions on November 15, the Speedy Trial Act, 18 U.S.C. Sec. 3161 et seq., requires a reversal of their convictions. 18 U.S.C. Sec. 3161(b) provides that "[a]ny ... indictment charging an individual with the commission of an offense shall be filed within thirty days from the date of which such individual was arrested ... in connection with such charges," and the penalty for filing an untimely indictment is immediate dismissal. 18 U.S.C. Sec. 3162(a). Section 3161(b) does not provide a rule for all occasion, however, as the statute contemplates several situations where the thirty day limit does not apply. For example, Sec. 3161(d) states that where a defendant succeeds in securing the dismissal of an indictment and authorities later bring another closely related indictment, the time limits of Sec. 3161(b) run anew against the second indictment. See United States v. Quinteros, 769 F.2d 968 (4th Cir.1985). Similarly, Sec. 3161(h)(6) provides that if the government succeeds in dismissing an indictment by its own motion and later reindicts the defendant on a closely related charge, then the Speedy Trial Act excludes from its time calculations the time which passed while no formal charge was pending. Despite the act's guidance in these situations, however, there is nothing in the act which explains the proper judicial response where the government secures an indictment within 30 days of the defendant's arrest, later procures a superseding indictment more than 30 days following the defendant's arrest which supplies no new charges but adds facts, and then dismisses the original indictment. Fortunately, several federal courts have considered this problem and have clarified the applicable rule.
 
 
 3
 In United States v. McCown, 711 F.2d 1441, 1445-48 (9th Cir.1983), the Ninth Circuit considered the case of a defendant who authorities had arrested for possession of cocaine with intent to distribute on October 9, 1981. A grand jury subsequently indicted the defendant on that charge on November 3, 1981, but on December 15, 1981, the grand jury returned a new indictment charging several members of a related conspiracy and including a count again indicting the defendant with the original charge of possession of cocaine with intent to distribute. The government then moved for a dismissal of the original indictment against the defendant, and the trial court granted the motion.
 
 
 4
 After trial and conviction, the defendant argued on appeal that his conviction on the charge of possession with intent to distribute was void under the Speedy Trial Act, because the grand jury had issued the indictment supporting that conviction more than 30 days following his arrest on that charge. Observing that Congress had failed to expressly deal with this situation or explain its reasons for providing the thirty day limit in Sec. 3161(b), the appeals court surmised on the basis of Supreme Court precedents that Congress intended for the thirty day requirement to insure that defendants received prompt notice of the charges against them to facilitate the gathering of evidence and the preparation of a defense. Turning then to the case before it, the court noted that the original and superseding indictments on the charge in question were almost identical[2] and concluded, as a result, that the defendant could not have suffered any prejudice in the preparation of his defense. Consequently, the court upheld the conviction.
 
 
 5
 Similarly, in United States v. Mitchell, 723 F.2d 1040 (1st Cir.1983), authorities arrested the defendant and procured a timely indictment, but later a grand jury returned an identical superseding indictment which simply supplied the names of two co-defendants who the first indictment had referred to as Jane and John Doe. The government dismissed the first indictment but observed the Speedy Trial Act's requirement that trial take place within seventy days of indictment as if the first indictment controlled. See 18 U.S.C. Sec. 3161(c). In that situation the Mitchell court noted that the superseding indictment could not have harmed the defendants, and so the court upheld the conviction.[3]
 
 
 6
 In contrast, United States v. Van Brandy, 563 F.Supp. 438 (S.D.Cal. 1983), authorities arrested the defendants on August 17, 1982, and a grand jury indicted them on August 25, 1982. Then, on December 10, four days before trial, the government procured a superseding indictment adding four new charges to the indictment. The district court then ruled that under the Speedy Trial Act the government could not bring new charges at such a late date without a "valid explanation for its delay." Id. at 441. Finding no such explanation, the court dismissed the charges.
 
 
 7
 In this case, like in McCown and Mitchell and unlike in Van Brandy the superseding indictment did not add any new charges and only made minor changes in the original indictment by expanding the dates of the alleged conspiracy and including some new overt acts in the allegations. Also, as in Mitchell, in this case, the government proceeded to trial as if the original indictment controlled the Speedy Trial Act schedule, and only the busy schedule of the defense lawyers delayed the eventual trial. Finally, as the McCown court emphasized, the original indictment here provided ample and timely notice to the defendants of the charges against them so that they could properly prepare a defense. Consequently, in such a situation, the authorities indicate that the Speedy Trial Act allows the government to rely on a superseding indictment where the government procured the original indictment in a timely fashion. As a result, the defendants' first argument must fail.
 
 
 8
 Similarly, the defendants' second argument also must fail. Before trial, the government considered entering into evidence certain firearms seized at Dillow's residence. The defendants brought a motion in limine seeking to suppress admission of these firearms, but the trial court denied the motion and the government brought the weapons to the first day of trial. Upon suggestion of the defense counsel, the government covered the guns, but it is likely that the jurors noticed them beside the government's table. The government avoided mentioning the firearms in its opening remarks, however, and after the first day of trial, removed the weapons from the courtroom and decided against offering them into evidence. In his instructions to the jury, moreover, Judge Bryan cautioned the jurors against drawing any conclusion from the guns that they may have seen by saying:
 
 
 9
 There is another matter. The first day of trial, you may have noticed some guns in the courtroom near counsel table. They don't have anything to do with this case. So, don't let that affect your verdict in any way. They just don't belong in this case. And they have no-they don't--shouldn't affect your verdict.
 
 
 10
 Nevertheless, the defendants now argue that the jurors must have seen the firearms and that the weapons must have prejudiced their decision.
 
 
 11
 Even if the jury did see the firearms, however, this probably did not prejudice the jury because by denying the motion in limine Judge Bryan must have believed that the weapons were relevant and properly admissible. See United States v. Montes-Cardenas, 746 F.2d 771, 776-77 (1lth Cir.1984) (recognizing that many courts allow the introduction of weapons into evidence as tools of the trade at drug conspiracy trials). At any rate, the weapons certainly could not have been highly prejudicial for the same reason, and so the trial court's curative instruction was adequate to dispel any prejudice from the jury's possible sighting of the weapons. See United States v. Johnson, 610 F.2d 194, 196-97 (4th Cir.1980), cert. denied, 446 U.S. 911 (1980); United States v. Kirkland, 637 F.2d 654, 656 (9th Cir.1980); and Cf. United States v. Brevard, 739 F.2d 180 (4th Cir. i984). As a result, this argument of the defendants must fail as well, and accordingly, the judgment of the district court is
 
 
 12
 AFFIRMED.
 
 
 
 [1]
 Dillow was convicted of conspiring to violate federal law, 21 U.S.C. Sec. 846, engaging in a continuous criminal enterprise, 21 U.S.C. Sec. 848, distributing cocaine, 21 U.S.C. Sec. 841(a)(1), distributing a Schedule III controlled substance, 21 U.S.C. Sec. 841(a)(1), traveling interstate in furtherance of a criminal activity, 18 U.S.C. Sec. 1952(a)(3), and possessing PCP with intent to distribute, 21 U.S.C. Sec. 841(a)(1). Ables was convicted of conspiring to violate federal law, 21 U.S.C. Sec. 846, traveling interstate in furtherance of a criminal activity, 18 U.S.C. Sec. 1952(a)(3), distributing cocaine, 21 U.S.C. Sec. 841(a)(1), and distributing PCP, 21 U.S.C. Sec. 841(a)(1)
 
 
 [2]
 The McCown court noted that the only difference between the two indictments was that the first indictment used McCown's full name while the second indictment inserted simply an initial for the defendant's middle name. 711 F.2d at 1445 n. 2. In a later decision, the Ninth Circuit emphasized that this similarity between the two indictments was the key to the McCown decision. United States v. Heldt, 745 F.2d 1275, 1279 n. 9 (9th Cir.19 4)
 
 
 [3]
 Although declining to undertake a detailed discussion of the issue, the Tenth Circuit in United States v. Wilks, 629 F.2d 669, 673 (10th Cir.1980), has also ruled that a conviction based upon a superseding indictment is valid under the Speedy Trial Act as long as the original indictment was timely